IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| TANDY S. ROSS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  Case No. 05-2221-JWL |
| | ) |
| UNITED STATES POSTMASTER GENERAL, | ) |
| | ) |
| Defendant. | ) |

### **ORDER**

This matter comes before the court on *pro se* plaintiff's letter requesting amendment of her case and appointment of counsel (**doc. 20**). The court construes the letter as a motion to amend and motion for appointment of counsel. The court deems it unnecessary to await a response from defendant, and will rule on the merits of the instant motion at this time.

Motion to Amend

The request of plaintiff to amend her complaint is limited to the following sentence:

> I am writing this letter to ask that the enclosed Case No. 4E-640-0072-05 be amended to my current Civil Case No.: 05-2221-JWL.

D. Kan. Rule 15.1 provides:

> In addition to the other requirements of D. Kan. Rules 7.1 through 7.5, a motion to amend or a motion for leave to file a pleading or other document that may not be filed as a matter of right shall set forth a concise statement of the amendment or leave sought to be allowed **with the proposed pleading attached**. (Emphasis added.)

Plaintiff has not attached a copy of a proposed complaint as required under D. Kan. Rule 15.1. Accordingly, the court denies plaintiff's motion without prejudice for reassertion in compliance with D. Kan. Rule 15.1.

Motion for Appointment of Counsel

On September 27, 2005, the court denied plaintiff's first request for appointment of counsel.[1] Plaintiff again seeks appointment of counsel.

In the September 27, 2005 Order, the court found that plaintiff had not provided any financial information by which the court could assess whether plaintiff has the financial ability to retain counsel. In the instant filing, plaintiff claims that she has not received any compensation, either worker's compensation or unemployment, since September 10, 2005. The court finds this financial information insufficient to establish that plaintiff does not have the financial ability, through other means, to retain counsel.

In the September 27, 2005 Order, the court also found that plaintiff had not demonstrated that she had made a reasonably diligent effort to retain counsel. There is no evidence in the instant filing that plaintiff has made additional efforts to retain counsel since the September 27, 2005 Order. Accordingly, the court denies plaintiff's request for appointment of counsel.

In consideration of the foregoing,

IT IS HEREBY ORDERED:

---

[1] *See* doc. 14.

1. The above-referenced motion **(doc. 20)** is denied in its entirety.

2. Copies of this order shall be served on plaintiff and all counsel of record.

Dated this 16th day of November, 2005 at Kansas City, Kansas.


s/ James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge