IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

**Tandy S. Ross,**

       **Plaintiff,**

v.                                                                                                    **Case No. 05-2221-JWL**

**John E. Potter,**
**United States Postmaster General,**

       **Defendant.**

## MEMORANDUM AND ORDER

Plaintiff filed a pro se complaint against defendant John E. Potter alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 et seq. This matter is presently before the court on defendant's motion to dismiss certain claims for failure to state a claim upon which relief may be granted or, in the alternative, for partial summary judgment (doc. 18). Specifically, defendant moves to dismiss plaintiff's claims of sex discrimination and retaliation on the grounds that those claims are barred by settlement. For the reasons set forth below, the motion is granted and the court dismisses all of plaintiff's claims set forth in her complaint except for her claims of age discrimination.

*Background*

Plaintiff Tandy S. Ross began her employment with the United States Postal Service in May 1983. From September 1992 through the present, plaintiff has been employed as a city letter carrier for the United States Post Office in Ottawa, Kansas. In 2002, plaintiff filed a formal EEO

complaint of discrimination asserting claims of sex and age discrimination as well as retaliation. A formal hearing on plaintiff's complaint was conducted before a United States Equal Employment Opportunity Commission Administrative Law Judge (ALJ) on February 28, 2005. Plaintiff appeared in person at the hearing and was represented by counsel.

After the conclusion of the presentation of the evidence at the administrative hearing, a recess was taken during which the parties, with the assistance of the ALJ, reached a settlement of plaintiff's claims. In that regard, the ALJ stated the following on the record:

> We're back on the record after having some extensive settlement discussions, and we have arrived at a settlement in this case. The parties have agreed to settle the matter. The complainant will not be pursuing this case in exchange for the Postal Service will be [sic] paying her compensation in the amount of $850. The Postal Service will further be paying for Ms. Ross to attend the How to Be a Supervisor training, managerial training, PEDC managerial training, that they will pay for the expenses associated with her taking that course, and it is the understanding that she will be taking that course off the clock, and that that settles this matter in its entirety.

The ALJ then asked whether the parties had any questions, to which plaintiff's counsel replied, "No. Complainant agrees and thanks the Court for its efforts in this matter." Several days later, counsel for the Postal Service forwarded to plaintiff's counsel a written settlement agreement. Thereafter, plaintiff sent a letter to the Postal Service indicating that she had terminated the attorney-client relationship with her counsel and that she would not sign or accept the written agreement because it was degrading and it included numerous terms which were never discussed or negotiated.

Plaintiff then filed this lawsuit asserting claims that were the subject of her charge of discrimination. Defendant moves to dismiss plaintiff's sex and retaliation claims on the grounds

that those claims are barred by plaintiff's oral settlement of those claims.[1]

*Discussion*

Generally, "the enforcement and interpretation of settlement agreements in Title VII cases are governed by federal common law because such settlements are 'inextricably linked' to the underlying law of Title VII." *Chavez v. New Mexico*, 397 F.3d 826, 830 (10th Cir. 2005) (quoting *Heuser v. Kephart*, 215 F.3d 1186, 1190 (10th Cir. 2000)). In both *Chavez* and *Heuser*, however, the Circuit construed Title VII settlement agreements under New Mexico law because the parties in those cases agreed that state law governed and, more importantly, "the applicable principles of contract law are not different in federal and New Mexico law." *See id.* In this case, the court looks to both federal and Kansas law for guidance and finds no difference between them.

In enacting Title VII, Congress evinced a "strong preference for encouraging voluntary settlement of employment discrimination claims." *Carson v. American Brands, Inc.*, 450 U.S. 79, 88 n.14 (1981). Consistent with this preference, the Tenth Circuit has long recognized that an employee may waive potential employment discrimination claims by agreement so long as the employee's waiver of such claims is knowing and voluntary. *See, e.g., Torrez v. Public Serv. Co. of N.M., Inc.*, 908 F.2d 687, 689 (10th Cir. 1990). If the employee's waiver is knowingly and

---

[1]While plaintiff orally agreed to dismiss her age discrimination claims, defendant does not move to enforce that agreement, conceding that plaintiff's oral waiver of her ADEA claims is invalid because the statute requires that any waiver of an ADEA claim must be written. *See* 29 U.S.C. § 626(f)(2)(A); *accord Smith v. Board of County Commr's of Johnson County, Kansas*, 1999 WL 1467255, at *2 (D. Kan. Dec. 30, 1999) (plaintiff's waiver of ADEA claim was invalid because it was not written).

3

voluntarily made, the agreement will be enforced absent the typical exceptions for fraud, duress, lack of consideration or mutual mistake. *See id.*; *accord Bennett v. Coors Brewing Co.*, 189 F.3d 1221, 1229 (10th Cir. 1999). Similarly, "Kansas law favors agreements executed in the compromise and settlement of disputes" and, in the absence of bad faith or fraud, when parties enter into an agreement settling a dispute, "neither party is permitted to repudiate it." *Advantage Properties, Inc. v. Commerce Bank, N.A.*, 2000 WL 1694071, at *2 (10th Cir. Nov. 13, 2000). Finally, settlement agreements need not be in writing to be enforceable and an oral settlement agreement will be enforced absent fraud or bad faith. *Words v. United Parcel Service*, 1992 WL 230258, at *2 (10th Cir. Sept. 16, 1992); *Lewis v. Gilbert*, 14 Kan. App. 2d 201, 203 (1990).

In assessing the totality of the circumstances presented in this case, the court readily concludes that plaintiff knowingly and voluntarily waived the sex discrimination and retaliation claims contained in her underlying EEO charge and asserted in her complaint. The ALJ set forth the terms of the agreement in detail on the record and plaintiff's counsel expressly agreed with the ALJ's recitation of the agreement in the presence of plaintiff. Significantly, plaintiff does not dispute that her oral waiver was knowing and voluntary and she does not contend that the oral waiver was procured through fraud, duress, lack of consideration or mutual mistake. Moreover, plaintiff does not dispute that her counsel was authorized to settle her claims on her behalf and she does not assert that she changed her mind. Finally, plaintiff does not contend that the sex discrimination and retaliation claims set forth in her pro se complaint are outside the scope of her oral agreement. In fact, plaintiff does not contest the validity of the oral agreement in any respect. Plaintiff's only arguments in response to defendant's motion concern the written agreement that

she received several days after the oral agreement was made. Essentially, plaintiff explains to the court why she refused to sign that agreement and urges that she should not be bound by the written agreement.

However, defendant is not seeking to enforce the written agreement. Rather, defendant seeks to enforce the oral agreement that plaintiff's counsel made on plaintiff's behalf on the record before the ALJ. Thus, the arguments presented by plaintiff concerning the written agreement are irrelevant to the issue before the court–whether plaintiff is bound by the oral agreement made on the record–and the court expresses no opinion whatsoever on the validity of the written settlement agreement. Plaintiff, then, advances no basis for the court to conclude that the oral settlement agreement is not enforceable and the record clearly establishes that the parties have settled the sex discrimination and retaliation claims that plaintiff has set forth in her pro so complaint.

For the foregoing reasons, defendant's motion to dismiss plaintiff's sex discrimination and retaliation claims is granted.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's motion to dismiss certain claims (doc. 18) is **granted.**

**IT IS SO ORDERED.**

Dated this 6th day of January, 2006, at Kansas City, Kansas.

5

                                                s/ John W. Lungstrum  
                                                John W. Lungstrum  
                                                United States District Judge