## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

**Tandy S. Ross,**

    **Plaintiff,**

v.              **Case No. 05-2221-JWL**

**John E. Potter,**
**United States Postmaster General,**

    **Defendant.**

## <u>ORDER NUNC PRO TUNC</u>

On September 8, 2006, defendant filed a motion for summary judgment, motion to strike certain damage claims and motion to deny request for trial by jury (doc. 43).  Plaintiff did not file a response to defendant's motion within the time period provided in D. Kan. Rule 6.1(e)(2). Thus, the court could have considered and decided defendant's motion as an uncontested motion and could have granted the motion without further notice to plaintiff.  *See* D. Kan. R. 7.4. Nonetheless, in an abundance of caution, the court issued an order directing plaintiff to show good cause in writing to the court, on or before Monday, October 30, 2006, why she failed to respond to defendant's motion in a timely fashion.  The court further directed plaintiff to respond to the motion on or before Monday, October 30, 2006.

On November 1, 2006, the court, believing that plaintiff had not filed a response to the court's show cause order, issued an order construing defendant's motion as uncontested and granting the motion on that basis.  In fact, plaintiff, a pro se party not entitled to file documents electronically, had timely submitted a response to the clerk for filing on October 30, 2006 and,

because of her pro se status, appropriately relied on the clerk of the court to file her response on the court's electronic case filing system.  For whatever reason, the clerk did not docket the filing of plaintiff's response until November 2, 2006 and so her response did not come to the court's attention until that time.

The court, then, now considers the response filed by plaintiff.  Significantly, plaintiff does not explain in her response why she failed to respond to defendant's motion.  In fact, plaintiff has captioned her response "Notice of Withdrawal" and she expressly seeks to dismiss her complaint for medical reasons.  The court, then, will grant plaintiff's request and will dismiss plaintiff's complaint.  The dismissal of her complaint, however, will be with prejudice.  *See Phillips USA, Inc. v. Allflex USA, Inc.*, 77 F.3d 354, 358 (10th Cir. 1996) (a party should not be permitted to avoid an adverse decision on a dispositive motion by dismissing a claim without prejudice; appropriate resolution is dismissal with prejudice).

For the foregoing reasons, plaintiff's request to dismiss her complaint is granted and defendant's motion for summary judgment, motion to strike certain damage claims and motion to deny request for trial by jury (doc. 43) is now moot.

**IT IS SO ORDERED.**

Dated this 8TH day of November, 2006, at Kansas City, Kansas.

s/ John W. Lungstrum

John W. Lungstrum
United States District Judge